In the

# United States Court of Appeals

### For the Seventh Circuit

No. 08-3255

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOSHUA HINES,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 07 CR 773-1—**Charles R. Norgle Sr.**, *Judge*.

ARGUED JANUARY 26, 2010—DECIDED FEBRUARY 23, 2010

Before BAUER, POSNER, and KANNE, *Circuit Judges*.

POSNER, *Circuit Judge*. The defendant was convicted of possessing crack cocaine with intent to distribute it and was sentenced to 168 months in prison. He challenges the sentence on the ground that the government failed to prove that he possessed at least 1.5 kilograms of crack, a quantity that increased his guidelines sentencing range.

He admitted selling 64.4 grams of crack and the police found another 9.1 grams in a search of his apartment. But

that is a combined weight of only 73.5 grams. What carried him over the 1.5 kilogram threshold was his admission to having bought 1.531 kilograms of powder cocaine, which the prosecution translated into the identical quantity of crack on the theory—which happens not to be correct, though not challenged by the defendant—that when you cook a gram of powder cocaine to make crack you end up with a mixture or substance that has the identical weight. (It is the weight of the consumable mixture or substance containing the illegal drug, rather than the weight of the illegal drug itself, that counts for sentencing purposes. U.S.S.G. § 2D1.1, Application Note 1 (2009); *United States v. Stewart*, 361 F.3d 373 (7th Cir. 2004); *United States v. Trennell*, 290 F.3d 881, 891 n. 7 (7th Cir. 2002).)

The cooking process removes the hydrochloride from cocaine hydrochloride (powder cocaine). The cocaine alkaloid that remains—crack—weighs less. Under "ideal conditions," the weight loss is only 11 percent. U.S. Sentencing Commission, *Report to the Congress: Cocaine and Federal Sentencing Policy* 63 (2007), www.ussc.gov/r_Congress/Cocaine2007.pdf (visited Jan. 27, 2010); cf. U.S. Sentencing Commission, *Special Report to the Congress: Cocaine and Federal Sentencing Policy* 14 (1995), www.ussc.gov/crack/chap1-4.pdf (visited Jan. 28, 2010). But bad cooks waste some of the powder, raising the conversion ratio of powder to the crack made from it. *United States v. Hunter*, 145 F.3d 946, 952 (7th Cir. 1998); *United States v. Booker*, 334 F.3d 406, 413 n. 3 (5th Cir. 2003). (In *United States v. Fox*, 189 F.3d 1115, 1120 (9th Cir. 1999), however, there was evi-

dence that the conversion ratio was 1:1 because of impurities introduced in the cooking process; as far as we know, there was no similar evidence in this case.) If, therefore, the government wants the sentencing judge to infer the weight of the crack from the weight of the powder from which the crack was manufactured, it has to present evidence, concerning the cooking process, that would enable a conversion ratio to be estimated. *United States v. Stott*, 245 F.3d 890, 911-12 (7th Cir. 2001); *United States v. Hunter*, *supra*, 145 F.3d at 952; *United States v. Chisholm*, 73 F.3d 304, 307-08 (11th Cir. 1996).

The 1:1 conversion ratio was a serious error, which should be corrected when the defendant is resentenced, as we will be ordering on a different ground.

There may also have been double counting, although that is another issue the defendant doesn't raise: the 73.5 grams of crack that he admitted possessing may have been cooked from the 1.531 grams of powder that he had bought. That is another issue for consideration at resentencing.

The basis of the appeal is that the presentence investigation report states that someone identified only as "Individual A" told police officers that he had bought "powder and/or crack cocaine from the defendant approximately 75 to 100 times, in amounts ranging from an ounce to two and one-quarter ounces." This is consistent with the defendant's having been a distributor of both powder cocaine and crack cocaine, and if so there is no basis for assuming that he cooked into crack all 1.531 kilograms of powder that he bought. Even if we ignore the possible

double counting, the total amount of crack that he is alleged to have possessed was only 1.604.5 kilograms. If that figure is overstated by even as little as 6.5 percent (104.6 grams÷1,604.5 grams), the defendant doesn't reach the 1.5 kilogram threshold (because 1,604.5−104.6=1,499.9). As the government presented no evidence to contradict the statement of "Individual A," we cannot affirm the sentence. Compare *United States v. Taylor*, 116 F.3d 269, 274 (7th Cir. 1997).

The government does argue that the defendant *admitted* that all the powder he bought was made into crack, because when asked who had cooked the cocaine that he had sold he said that *he* had. But he was being asked about the identity of the cook rather than about how much of the powder was cooked rather than sold as powder.

The sentence is vacated and the case remanded for resentencing.